*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ANDRE VERTIS DENT,

        Defendant-Appellant.

UNPUBLISHED
May 14, 2019

No. 341421
Wayne Circuit Court
LC No. 14-007422-01-FC

Before: MURRAY, C.J., and JANSEN and RIORDAN, JJ.

PER CURIAM.

Defendant, following a jury trial, was convicted of assault with intent to do great bodily harm less than murder, MCL 750.84, carrying a weapon with unlawful intent, MCL 750.226, felon in possession of a firearm (felon-in-possession), MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. He was sentenced, as a fourth habitual offender, MCL 769.12, to 9 to 20 years' imprisonment for the assault with intent to do great bodily harm less than murder conviction, the carrying a weapon with unlawful intent conviction, and the felon-in-possession conviction, all consecutive to a two-year term of imprisonment for the felony-firearm conviction. On direct appeal, we affirmed defendant's convictions, but remanded the case for a determination regarding whether resentencing was warranted under *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), and *United States v Crosby*, 397 F3d 103 (CA 2, 2005).[1]

On remand, the trial court held a *Crosby* hearing, and declined to resentence defendant in light of *Lockridge*, 498 Mich at 395-399. After the trial court entered that order, defendant separately moved the trial court to "correct judgment of sentence and for re-sentencing," and argued, for the first time, that the trial court had erred in sentencing him as a fourth-habitual offender. The trial court also denied that motion, citing its lack of jurisdiction to hear the issue

---

[1] *People v Dent*, unpublished per curiam opinion of the Court of Appeals, issued May 19, 2016 (Docket No. 325562), pp 6-10.

because it never was raised in defendant's original appeal and the trial court was restricted to the issues in our remand. In this appeal, which defendant filed as of right, defendant solely challenges the denial of his motion regarding his status as a fourth-habitual defender, arguing both that the trial court erred in denying it and, for the first time, that his former appellate counsel was ineffective for failing to raise it during the first appeal.

The order denying that motion, however, is not appealable as of right because it is not a "final order" pursuant to MCR 7.202(6)(b).[2] Nor is it appealable by leave granted because, pursuant to MCR 7.202(G)(2), "the defendant may not file an application for leave to appeal from a judgment of conviction and sentence if the defendant has previously taken an appeal from that judgment by right . . . ." It is undisputed that defendant already exhausted his appeal by right. Consequently, for the relief requested in this appeal, defendant was required to follow the procedures set forth for "post-appeal relief" pursuant to MCR 6.500. See MCR 6.501 ("Unless otherwise specified by these rules, a judgment of conviction and sentence entered by the circuit court not subject to appellate review under subchapters 7.200 or 7.300 may be reviewed only in accordance with the provisions of this subchapter."). Again, it is undisputed that defendant did not follow those procedures, instead relying on inapplicable court rules.[3]

The trial court did not err in determining that it did not have jurisdiction to consider that motion, and we do not have jurisdiction to consider this appeal. If defendant wishes to raise a novel ground for why his original judgment of sentence is incorrect, he must follow the

---

[2] To compare, we would have jurisdiction as of right to hear an appeal of the trial court's order denying defendant's motion for resentencing on the basis of our previous remand pursuant to *Lockridge*. See MCR 7.202(6)(b)(*iv*) (including within the definition of a final order appealable by right as "a sentence imposed, or order entered, by the trial court following a remand from an appellate court in a prior appeal of right . . . ."). However, it is undisputed that defendant is not challenging the order based upon our previous remand, but rather, is challenging the newly-raised issue regarding his status as a fourth-habitual offender.

[3] To wit, defendant cites MCR 6.435(A), which relates to clerical mistakes in judgments, and MCR 6.429(B)(2), which provides a time limit for a defendant to move to correct an invalid sentence during an appeal of right.

appropriate procedures to do so.  This appeal is dismissed.[4]

/s/ Christopher M. Murray
/s/ Kathleen Jansen
/s/ Michael J. Riordan

---

[4] Nevertheless, even a cursory review of the record shows that defendant's arguments are without merit.  During the original sentencing, defendant was informed that he was being sentenced as a fourth-habitual offender based on four previous convictions as provided in the presentence report, which plainly is permitted by statute.  MCL 769.13(5)(d) ("The existence of the defendant's prior [] convictions shall be determined by the court, without a jury, at sentencing . . . [and] may be established by . . . [i]nformation contained in a presentence report.").  Thus, the sentence is not in error, does not need to be corrected, and defendant's original appellate attorney was not ineffective for failing to pursue that futile argument in defendant's appeal as of right. *People v Henry (After Remand)*, 305 Mich App 127, 141; 854 NW2d 114 (2014) ("Counsel is not ineffective for failing to advance a meritless position or make a futile motion.").